IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDRE ANTONIO MILLER, | : | |
| Petitioner, | : | |
| | : | 1:15-cv-1430 |
| v. | : | |
| | : | Hon. John E. Jones III |
| SUPERINTENDENT LUTHER, PA | : | |
| ATTORNEY GENERAL, | : | |
| Respondents. | : | |

## MEMORANDUM

### August 18, 2016

On March 3, 2009, following a bench trial in Court of Common Pleas of Cumberland County, Pennsylvania, criminal case CP-21-CR-0000486-2008, Petitioner Andre Antonio Miller ("Petitioner"), was found guilty of Possession with Intent to Deliver a Schedule I Controlled Substance in violation of 35 PA.CONS.STAT.ANN. § 780-113. (Doc. 1, p.1; *see also* electronic docket found at http://ujsportal.pacourts.us). On July 28, 2015, Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence. (Doc. 1, pp. 5-14). For the reasons set forth below, the petition will be denied as untimely.

## I.     BACKGROUND

On April 21, 2009, Petitioner was sentenced to a mandatory term of five years of incarceration following his conviction of Possession with Intent to Deliver a Schedule I Controlled Substance in violation of 35 PA.CONS.STAT.ANN. § 780-113  (Doc. 15, ¶ 3).  A timely direct appeal was filed.  (Doc. 1, p. 2).  On June 4, 2010, the Superior Court of Pennsylvania denied the appeal.  (*Id.*)

On May 26, 2011, Petitioner filed a petition for post-conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA.CONS.STAT.ANN. §§ 9541-46.  (Doc. 15, ¶ 3).   A hearing was held on March 1, 2012.  (*See* pp. 8-9 of electronic docket found at http://ujsportal.pacourts.us).  The PCRA court denied the petition on April 30, 2012.  (*Id.*)  Petitioner did not appeal.  (*Id.*)  Instead, he filed a second PCRA petition on August 9, 2012.  (*Id.*)   This petition remains pending in the state courts.

Upon preliminary review of the petition, *see* R. Governing § 2254 Cases R. 4, because it appeared that the petition may be barred by the statute of limitations, *see United States v. Bendolph*, 409 F.3d 155, 169 (3d Cir. 2005) (*en banc*) (holding that district courts may *sua sponte* raise AEDPA's one-year statute of limitations, provided that the petitioner is provided with notice and an opportunity to respond) set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Respondent was directed to file a response concerning the timeliness of the

petition. Petitioner was afforded the opportunity to file a reply. On May 25, 2016, a response was filed requesting that the petition be denied as untimely. (Doc. 15). Petitioner did not file a reply.

## II. DISCUSSION

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See* 28 U.S.C. § 2244(d) (1). Specifically, a state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); *see Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. *See Nara v. Frank*, 264 F.3d 310, 314 (3d Cir. 2001).

Petitioner was sentenced on April 21, 2009. Under the plain terms of 28 U.S.C. § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. *See Nara*, 264 F.3d at 314. His direct appeal proceedings concluded on June 4, 2010, the date on which the superior court denied the appeal. His time for further pursuit of the direct appeal expired on or about July 4, 2010, at which time the judgment became final. *See Nara,* 264 F.3d at 314. The one-year period for the statute of limitations commenced running as of that date and expired one year later. Hence, the federal petition, which was filed on July 23, 2015, is patently untimely.

However, the Court must undertake consideration of both statutory and equitable tolling.

    A.    <u>Statutory Tolling</u>

Section 2244(d)(2) tolls the one year statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations began running on July 4, 2010, and

expired on July 4, 2011. The May 26, 2011, filing of his first PCRA petition, tolled the statute. It remained tolled until April 30, 2012, the date the petition was denied. The statute of limitations expired thirty-nine days later, on or about June 9, 2012.

Petitioner's second PCRA petition was filed on August 9, 2012, after the expiration of the statute of limitations. However, this did not operate to toll the statute because the filing of a PCRA petition does not toll an expired statute of limitations. *See Long v. Wilson*, 393 F.3d 390, 395 (3d Cir.2004) (finding that petitioner's untimely PCRA petition did not statutorily toll the statute of limitations because, *inter alia*, "the limitations period had already run when it was filed"). An untimely PCRA petition is not "properly filed" and, therefore, does not toll the statute of limitations. *See Pace v. Diguglielmo*, 544 U.S. 408, 417 (2005) (holding that "[b]ecause the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2254(d)(2)."). *See also Merritt v. Blaine*, 326 F.3d 157, 167–68 (3d Cir. 2003). Consequently, the AEDPA statute of limitations is not subject to statutory tolling.

    B.    <u>Equitable Tolling</u>

"Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. *See Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006); *LaCava v. Kyler*, 398 F.3d 271, 274-75 (3d Cir. 2005). It

is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. *See Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003). Generally, a litigant seeking equitable tolling must establish the following two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418.

With respect to the diligent pursuit of rights, petitioner must demonstrate that he or she exercised reasonable diligence in investigating and bringing the claims. *See Robinson v. Johnson*, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. *See LaCava*, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)).

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, *see Jones*, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim. *See Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005).

Petitioner presents absolutely no evidence and makes no argument to account for the delay in pursuing his state court remedies or for his delinquency in seeking relief in federal court.  Nor does he indicate that extraordinary circumstances obstructed his pursuit of post-conviction relief in either forum.  Hence, equitable tolling of the AEDPA statute of limitations is not warranted in this case.

### III. CONCLUSION

For the reasons set forth above, the petition for writ of habeas corpus will be denied as untimely.

### IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when

the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the disposition of this case debatable. Accordingly, no COA will issue.